LAMAR, Justice,
for the Court:
¶ 1. David Waide filed an Initiative[1] with Mississippi Secretary of State Delbert Hosemann, and Hosemann has approved it for placement on the November 2011 general election ballot.
¶ 2. Leland Speed filed a complaint against Hosemann in the Hinds County Circuit Court, along with a Motion for Expedited Declaratory and Injunctive Relief, asking the court to declare Initiative 31 unconstitutional and to enjoin Hosem-ann from placing it on the ballot. Speed argued that Initiative 31 “violates Section 273(5)(a) because that section prohibits use of the initiative process for the ‘proposal, modification or repeal’ of ‘any portion’ of the Constitution’s Bill of Rights.” Speed argued that Initiative 31 was a “ ‘proposal, modification or repeal’ of the Bill of Rights ... and more specifically of its Section 17, which governs taking of private property for a public use.”
¶ 3. After Hosemann and Waide[2] responded to Speed’s pleadings, Speed filed a Motion for Judgment on the Pleadings, in which he argued that the case “involve[d] a pure issue of law with no material facts in dispute” and asked the court to enter judgment in his favor under Mississippi Rule of Civil Procedure 12(c). The trial judge both denied Speed’s motion for judgment on the pleadings and ruled on the merits, finding that Speed’s complaint should be dismissed with prejudice and ordering that Hosemann be allowed to proceed in placing Initiative 31 on the ballot.
¶ 4. On appeal, Speed asks this Court to reverse the trial judge, declare that Initiative 31 violates Section 273(5) of *1280 the Mississippi Constitution, and “keep Initiative 31 off the November ballot.”
¶ 5. We find that the issue presented in this appeal, i.e., the constitutionality of proposed Initiative 81, is not ripe for adjudication by this Court, such that any opinion thereon would be improperly advisory. Speed filed his complaint only two months ago, and the case already has arrived on our docket. This case has been rushed through the trial court and efficiently punted to this Court for “expedited review.” We find no good reason for the frenetic, fast-paced atmosphere surrounding this case, and we think there is “time enough to pass upon such important questions when they are reached in due course, with proper parties, in a proper proceeding.” Power v. Ratliff, 112 Miss. 88, 72 So. 864, 865 (1916).
¶ 6. In Ratliff contestants obtained an injunction against Secretary of State Joseph Power to prevent him from “taking the steps necessary to refer ... several acts of the Legislature to an election by the people,” and Power appealed. Id. at 865. This Court dissolved the injunction and dismissed the action, noting the general rule that “an injunction will not lie to restrain the holding of an election.” Id. And regarding pre-election review of initiatives specifically, the Ratliff Court observed that when:
qualified electors are ... attempting the performance of a legislative act, ... courts have no more right to interfere with this legislative act of the people than they have to prevent an abortive attempt of the Legislature to pass a law. The making of the laws belongs to a coordinate branch of the government, and the courts have nothing to do with the making, but must deal altogether with the finished product. The complainants ... are seeking an advance opinion as to the validity of a constitutional amendment before that amendment has been enforced in a way to affect the substantial ... rights of anyone. There is no law authorizing a bill of complaint to remove an alleged cloud on or uncertainty about a statute or constitutional amendment before the same has been put into force and effect in a way to injure the parties complaining.
Id. at 867 (emphasis added). As such, only:
“[wjhen laws have been passed no doubt in a proper case the inquiry can then be made as to whether or not the requirements of the fundamental law in then-passage or in their provisions have been observed, but in the first instance the body to which has been delegated the power to pass laws must be left untrammeled, to act in such matters as its wisdom may dictate.”
Id. (citation omitted) (emphasis added). So, as the Ratliff Court concluded, the “safer policy” is to “refrain from interfering with the free exercise of the legislative functions of government whether attempted to be exercised by the Legislature or by the people in their sovereign capacity.” Id. at 869 (emphasis added).
¶ 7. We find this reasoning compelling and see no reason to retreat from it today. As it presently stands, Initiative 31 is proposed legislation put forth for public debate and discourse. It has not been “put into force and effect in a way to injure the parties complaining.” Id. at 867. We find that general challenges to an initiative’s substantive constitutionality, such as the one before us today, are not justiciable before the initiative has been enacted by the electorate.
¶ 8. Speed relies on this Court’s decision in In Re Proposed Initiative Measure No. 20, 774 So.2d 397 (Miss.2000), to bring this pre-election action. There, the proponent of a proposed initiative appealed after the *1281 circuit court had held that her initiative would not be placed on the ballot. Id. at 399-400. The Measure 20 Court agreed that the initiative could not be placed on the ballot, because it did not include an economic impact statement (a defect in form). Id. at 402.
¶ 9. But the Measure 20 Court went on to hold implicitly that substantive challenges to proposed initiatives also are proper for pre-election review. Id. at 401-02. Citing no constitutional, statutory, or caselaw authority, the Measure 20 Court stated that “proposed initiatives are subject to review of form and, therefore, content inasmuch as content affects form and form affects content.” Id. at 401 (emphasis added). The lack of authority is no surprise, as such authority is nonexistent. In fact, our existing caselaw has held exactly the opposite. According to Ratliff, “the courts ... must deal altogether with the finished product.” Ratliff, 72 So. at 867. While we agree that “minimum constitutional and statutory requirements” must be met before a measure is placed on the ballot, a pre-election review of an initiative is limited to matters of form, i.e., the sufficiency of signatures and/or the ballot title or summary.[3] See Miss. Const, art. 15, § 273(9); Miss.Code Ann. §§ 23-17-13, -23, -25 (Rev.2007). For these reasons, and the reasons stated in Hughes v. Hosemann, a decision also issued by this Court this date, Measure 20 is overruled to the extent that it allows pre-election substantive review of proposed initiatives.
¶ 10. In sum, the present challenge to the substantive validity of Initiative 31 is not ripe for consideration. There is time enough to consider whether the measure, if passed, is substantively invalid. But since the voters of Mississippi may choose to reject this measure, this Court “ ‘ought not ... be called upon to anticipate conditions which may never arise.’ ” Ratliff 72 So. at 868 (citation omitted). Thus, we decline today to consider the issues raised in Speed’s appeal. But we note, as did the Ratliff Court, that “[i]n declining to assume jurisdiction it necessarily follows that we intimate no opinion whatever upon the merits of the important questions attempted herein to be submitted for our decision.” Ratliff 72 So. at 869. We therefore vacate the circuit court’s judgment, and we dismiss Speed’s complaint and this action without prejudice.
¶ 11. VACATED AND DISMISSED.
WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, CHANDLER AND PIERCE, JJ., CONCUR. CHANDLER, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J., DICKINSON, P.J., RANDOLPH AND PIERCE, JJ. KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, J.

. The Initiative — now known as Initiative 31 — attempts to restrict the state’s power to transfer certain property to certain parties after taking it by eminent domain.

. The trial court granted Waide’s motion to intervene as a defendant.

. These matters are not contested in this case.